# IN THE UNITED STATES DISTRICT COURT
# IN THE MIDDLE DISTRICT, PENNSYLVANIA

CIVIL DIVISION –

**CARL E. RODGERS,**

    Plaintiff,

vs.

*COMPLAINT IN CIVIL ACTION*

**PENNSYLVANIA STATE POLICE, JEFFREY STINE, DEAN SHIPE, SCOTT DENISCH, SEAN MOYER, MARK MAGYAR AND JOHN DOES,**

Filed on Behalf of Plaintiff, Carl E. Rodgers

DEFENDANTS,

Counsel of Record for this Party

    JAMES R. MOYLES, ESQUIRE
    PA I.D. 30135

    MOYLES MUZIC LAW
    20 Erford Road
    Suite 212
    Lemoyne, PA 17043
    T: 717.233.5400
    F: 717.233.5402

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT, PENNSYLVANIA

| | | |
|---|---|---|
| **CARL E. RODGERS,** | ) | CIVIL DIVISION – |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **PENNSYLVANIA STATE POLICE, JEFFREY STINE, DEAN SHIPE, SCOTT DENISCH, SEAN MOYER, MARK MAGYAR AND JOHN DOES** | ) | ***COMPLAINT IN CIVIL ACTION*** |
| | ) | |
| Defendants. | ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgement may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Federal Bar Association
1220 North Fillmore Street, Suite 444
Arlington, VA 22201

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT, PENNSYLVANIA

| | |
|---|---|
| **CARL E. RODGERS,** | ) CIVIL DIVISION – |
| Plaintiff, | ) |
| vs. | ) |
| **PENNSYLVANIA STATE POLICE, JEFFREY STINE, DEAN SHIPE, SCOTT DENISCH, SEAN MOYER, MARK MAGYAR AND JOHN DOE'S** | ) ***COMPLAINT IN CIVIL ACTION*** |
| Defendants. | ) |

## COMPLAINT

AND NOW, this 12th day of November, 2020, comes the Plaintiff, CARL E. RODGERS, by and through his Counsel, Moyles Muzic Law and files the within Complaint in Civil Action as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, the 4th and 14th Amendments of the United States Constitution and the Laws of the Commonwealth of Pennsylvania. Jurisdiction is founded upon 28 U.S.C. § 1331, 1343 and 2202. Plaintiff further evokes the supplemental jurisdiction of this court to adjudicate a state law claim pursuant to 28 U.S.C. § 1367.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391 as the claims arose in Perry County, Pennsylvania.

## INTRODUCTION

3. Plaintiff Rodgers was unconstitutionally charged and prosecuted and spent 16 months in jail. This gross miscarriage of justice was brought about by a breach of misconduct of law enforcement officers who fabricated, destroyed and suppressed evidence and made material omissions and/or misrepresentations, which if brought forth, would have revealed the absence of probable cause.

4. Defendants also utilized bribery as well as abusive, intimidating and coercive investigative techniques in bringing forth the unlawful prosecution of Plaintiff Rodgers.

5. Plaintiff Rodgers maintained his innocence for 36 years and continued to maintain his innocence throughout trial. After his trial, he was fully and completely acquitted of all charges brought against him.

6. Plaintiff Rodgers was continually harassed for 36 years, and he continues to suffer, damages notwithstanding a full and complete acquittal of all charges.

7. This action seeks to remedy the unlawful Pennsylvania State Police policies, practices and customs of conducting coercive and intimidating interrogations, the fabricating and suppressing exculpatory evidence, as well as in failing to adequately train and supervise its officers that which led Defendants to violate Plaintiff Rodgers constitutional rights as

guaranteed by the 4th and 14th Amendments of the United States Constitution and the laws of the Commonwealth of Pennsylvania.

## **THE PARTIES**

8. Plaintiff Rodgers is currently, and was at all times material to this complaint, a resident of the Commonwealth of Pennsylvania residing in Shermans Dale, Perry County, Pennsylvania.

9. Defendants Stine, Shipe, Denisch, Moyer and Doe's are or were members of the Pennsylvania State Police and were acting at all times as duly appointed and acting officers of the Pennsylvania State Police while acting under the color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the Pennsylvania State Police.

10. Defendant Magyar is or was a member of the Pennsylvania State Police. At all times relevant to this complaint he was a dully appointed and acting officer with the Pennsylvania State Police, with the rank of Lieutenant, acting under the color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the Pennsylvania State Police and with supervisory authority over Stine, Shipe, Denisch, Moyer and Doe's.

11. Defendants Doe's represent employees of the Pennsylvania State Police where they were officers and supervisors who acted under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the Pennsylvania State Police and who participated in the wrongful prosecution of Plaintiff Rodgers.

12. The Pennsylvania State Police is a designated law enforcement agency pursuant to the law of the Commonwealth of Pennsylvania.

## FACTS AND ALLEGATIONS

13. The body of Debra Jane Rodgers was found on April 24, 1983 lying in a creek bed in Madison Township, Perry County.

14. The Decedent had large and deep lacerations on both her left and right wrists and her jacket and shirt sleeves proximate to the wounds were covered with blood.

15. Additional evidence discovered at the scene included eye glasses, a knife and a knife sheaf.

16. Tissue analysis was not performed until 2012, at which time the results were not obtainable; said microscopic evidence of tissue would have potentially revealed exculpatory evidence relating to the antemortem wrist lacerations.

17. Defendant Shipe, who was in charge of the evidence, took 56 photographs at the scene and at the autopsy. The negatives were to have been retained by Troop H of the Pennsylvania State Police.

18. Defendant Shipe failed to take into evidence the bloody clothing worn by the Decedent despite being present at the scene and accompanying the body to the autopsy.

19. None of the negatives and 48 of the photographs were either lost, destroyed or suppressed by Defendant Shipe.

20. The only evidence produced in the subsequent criminal trial were the knife, knife sheaf, eyeglasses and eight (8) photographs.

21. A grand jury assembled in 1984 declined to recommend prosecution of Plaintiff Rodgers.

22. One example of the bribery, coercive and investigative tactics utilized occurred when Pennsylvania State Police Officers told Laurel Mohler in 1995 that if she would turn over any evidence against Plaintiff Rodgers, that they would "get her son off" any charges for pulling a fire alarm at his school.

23. Pennsylvania State Police Officers revisited the death of Debra Jane Rodgers eleven (11) times between November 1993 and October 2009 and concluded each time that there was no new evidence to support charging Plaintiff Rodgers with any crime relating to the death of Debra Jane Rodgers.

24. Among the items of evidence suppressed by the Pennsylvania State Police were numerous recorded interviews which were never turned over to Plaintiff Rodgers' counsel.

25. Plaintiff Rodgers was also denied access to the evidence log until mid-trial despite requesting same during the course of discovery.

26. The aforementioned referencing, in part, to the failure to produce items listed on the PSP Property Record including Gibboney Notes, Carl Brown Report, yearbooks and family photos.

27. Pennsylvania State Police Officers fabricated evidence, harassed witnesses, bribed witnesses, and destroyed potential exculpatory evidence and engaged in abusive and coercive techniques with the approval of Defendant Magyar, which included, but were not limited to the following:

    a. Failing to document all encounters relating to the investigation;

    b. Appearing unannounced (Denisch) at the home of Carol Layzer in an attempt to turn her against Plaintiff Rodgers;

    c. Becoming angry and abusive (Denisch) when advised of the close relationship between Christine Rodgers and Dustin Rodgers;

    d. Threatening to bring in Trooper Jack Holtz (Jay Smith case) in an attempt to intimidate Plaintiff; and

    e. Recommending and/or initiating a media blitz to "rattle Carl".

28. Defendants Moyer and Denisch signed a probable cause affidavit which contained material misrepresentations and/or omissions, including, but not limited to, referenced to Dr. Isodore Mihalakis' opinion in the affidavit of probable cause when the Defendants never intended on calling Dr. Mihalakis to testify and, in fact, never did call Dr. Mihalakis to testify, thereby rendering the affidavit of probable cause void *ab initio*.

29. The above referenced material, misrepresentations and/or admissions, if retained and produced would have revealed the absence of probable cause through the potentially exculpatory evidence which was destroyed and suppressed by Defendants and, despite the fact that no new evidence was discovered, which, in and of itself, revealed the absence of probable cause.

30. No reasonable officer of the law would omit and/or ignore crucial information and also potentially exculpatory evidence.

31. The affidavit of probable cause and prosecution of Plaintiff was undertaken by Defendants after the Perry County District Attorney declined to prosecute.

32. After the aforementioned, the Defendants went on a mission to find someone who will prosecute as evidenced, in part, by a December 16, 2016 investigation recommendation by Defendant Denisch. In said recommendation, Defendant Denisch stated: "Discuss

case with District Attorney. See if charges will be approved now. Use outside county if needed".

33. Plaintiff Rodgers was prosecuted on the basis of supposition and innuendo.

34. Defendants failed to conduct a proper investigation (which may have revealed exculpatory evidence) relating to the death of Debra Jane Rodgers including, but not limited to, the following:

    a. Failing to investigate potential leads relating to the presence of trailers and individuals at the camp site closely adjacent to the scene; and

    b. Failing to investigate the fresh carvings on the nearby tree which appeared to state "I don't like Bonnie true hate always".

35. On March 19, 2019, Plaintiff Rodgers was acquitted of all charges by the jury of his peers after having been forced to endure what, at best, was a rudimentary investigation where among other omissions and/or suppressions was the failure to examine the bloody rock in the creek bed, the creek water in the bloody creek bed and the clothing worn by Debra Jane Rodgers.

36. Upon information and belief, the Pennsylvania State Police by and through its officers and supervisors acting under cover of law failed to insure that the officers and investigators involved received adequate training, policing and supervision and failed to do so in the areas of preventing fabrication of evidence, disclosure of exculpatory evidence, suppression of evidence and destruction of evidence and improperly obtaining probable cause for prosecution.

37. Upon information and belief, the Pennsylvania State Police through its policy makers and officers and supervisors, failed to adequately screen, supervise and monitor investigations concerning proper investigatory techniques and collection of evidence.

## DAMAGES

38. This action seeks damages caused by the malicious prosecution of Plaintiff Rodgers.

39. The Defendants unlawful, intentional, willful, purposeful, deliberately indifferent, reckless, bad faith and/or malicious acts, misdeeds and omissions caused Plaintiff Rodgers to be maliciously prosecuted and unfairly tried where there existed no probable cause and no new or any real credible evidence.

40. As a direct result of the acts of the Defendants, the injuries and damages sustained by Plaintiff Rodgers arise from the deprivation of his Civil Rights include; violations of his clearly established rights under the 4th and 14th Amendments of the Constitution; emotional distress; post-traumatic stress disorder; loss of employment; loss of income; loss of savings; loss of family relationships, most notably with his daughter; sixteen (16) months of incarceration; embarrassment; degradation; humiliation; injury to reputation; vocational opportunity; and loss of life's pleasures

41. All of the alleged acts, misdeeds and omissions committed by the Defendants described or influenced liability as claimed were done intentionally, willfully, purposely, knowingly, unlawfully, maliciously, wantingly, recklessly, and/or with bad faith and self-prescribed conduct of the Defendants meets all the standards for the imposition of punitive damages.

## CLAIMS FOR RELIEF

### COUNT I:

### 42 USC § 1983 FOURTEENTH AMENDMENT VIOLATIONS: FABRICATION OF INCULPATORY EVIDENCE; SUPPRESSION OF MATERIAL; EXCULPATORY EVIDENCE; IN VIOLATION OF *BRADY V. MARYLAND*; AND COERCION

42. The preceding paragraphs are incorporated herein by reference.

43. Defendants acting deliberately, recklessly or intentionally under color of law engaged in coercive and intimidating investigative techniques which lead to the fabrication of inculpatory evidence and a prosecution premised upon innuendo and supposition as opposed to any real evidence.

44. Plaintiff Rodgers was wrongfully prosecuted and suffered the injuries and damages described above.

45. Defendants acted maliciously, recklessly, intentionally and under cover of law, destroyed and suppressed evidence, engaged in a rudimentary investigation which failed to gather and retain potentially exculpatory evidence.

46. By failing to disclose this information, Defendants Officers violated the 14th Amendment, as interpreted in *Brady v. Maryland*, 373 US 83 (1963), which imposed a clear duty on the Defendants not to conceal or suppress obvious exculpatory evidence and rather to produce all material exculpatory evidence.

47. Defendants acted with recklessness, deliberate indifference and/or intentionally by withholding material exculpatory and impeachment evidence.

48. Defendants violated Plaintiff Rodgers clearly established 14th Amendment right to process law as interpreted by the United States Supreme Court in *Brady v. Maryland* and

directly causing Plaintiff Rodgers to be wrongfully prosecuted and suffer the injuries and damages described above.

49. Defendants acted unreasonably and unlawfully, in that, they knew or should have known they were acting in violation of Plaintiffs Constitutional Rights.

WHEREFORE, Plaintiff demands compensatory damages, punitive damages and attorney fees against all Defendants, as well as, interest in cost against all Defendants in an amount in excess of $75,000.00.

## COUNT II:

## 42 U.S.C 1983, 4TH AND 14TH AMENDMENT VIOLATION: MALICIOUS PROSECUTION

50. The preceding paragraphs are incorporated herein by reference.

51. Defendants initiated prosecution against Plaintiff Rodgers without probable cause, with malice or with specific intent to injure and the proceedings ultimately terminated in Plaintiff's favor.

52. Defendants acted deliberately, recklessly, and under color of law and prosecuting Plaintiff Rodgers without probable cause knowing that there was no physical or direct credible evidence connecting Plaintiff Rodgers with the crime which caused Plaintiff Rodgers to be wrongfully prosecuted and suffer the injuries and damages described above.

53. Probable cause was totally lacking by virtue of both the fabrication of evidence and the omission of potentially exculpatory evidence which, if examined, analyzed and/or produced would have revealed the absence of probable cause.

54. Defendants acting under color of law commenced and continued a criminal prosecution against Plaintiff Rodgers that was lacking probable cause, instituted with malice by suppressing exculpatory evidence, fabricating evidence by virtue of the course of intimidating investigative techniques, failing to perform anything more than a rudimentary investigation which failed to gather potentially exculpatory evidence and disregarding evidence which revealed the absence of probable cause which set prosecution being ultimately terminated in Plaintiff Rodgers favor.

55. The acts of the Defendants violated Plaintiff Rodgers clearly established rights under the 4th Amendment and the procedural due process components of the 14th Amendment caused his wrongful prosecution and the injuries and damages set forth above.

WHEREFORE, Plaintiff demands compensatory damages, punitive damages and attorney fees against all Defendants, as well as, interest in cost against all Defendants in an amount in excess of $75,000.00.

## COUNT III:

## 42 U.S.C. 1983 SUPERVISORY LIABILITY

56. The preceding paragraphs are incorporated herein by reference.

57. Defendants Magyar and Does both representing supervisory officers acted deliberately, recklessly and under color of law were at all times relevant hereto supervisory personnel with the Pennsylvania State Police with oversight responsibility for training, instructing supervising Defendants who deprived Rodgers of his Constitutional Rights.

58. The supervisory Defendants, as well as Defendants themselves, knew or should have known, that there was the engagement of a malicious prosecution in failing to perform a

full and complete investigation, in failing to gather evidence, potentially exculpatory evidence, and fabricating evidence and suppressing exculpatory evidence and depriving citizens of the due process of law.

59. The supervisory Defendants failed to take preventative and remedial measures to guard against such constitutional deprivations such that Plaintiff Rodgers would not have been injured. These supervisors knew, or in exercise of due diligence, should have known that the conduct of the named and Doe Defendants against Rodgers was likely to occur.

60. The failure of the supervisory Defendants to properly train and supervise the named individual Defendants and Doe as a matter of gross negligence, deliberate indifference and/or intentional misconduct which directly caused the injuries and damages set forth above.

61. The supervising Defendants permitted the aforementioned unlawful practices to continue for years and deliberately and knowingly failed to stop said practices.

WHEREFORE, Plaintiff demands compensatory damages, punitive damages and attorney fees against all Defendants, as well as, interest in cost against all Defendants in an amount in excess of $75,000.00.

Respectfully Submitted:

_____
James R. Moyles, Esquire
Attorney for Plaintiffs

## VERIFICATION

I, CARL E. RODGERS, state that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by counsel in preparation of the lawsuit. The language of the Complaint is that of counsel and not of myself. I have read the Complaint and to the extent that the Complaint is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, I have relied upon counsel in making this Verification.

I understand that my statements are made pursuant to 18 Pa. C.S.A. Section 4904 providing for criminal penalties relating to unsworn falsification to authorities.

Date: 11-9-2020

CARL E. RODGERS